ROUSE *v.* LETCHER.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 582. Submitted December 17, 1894. — Decided January 21, 1895.

A judgment in a Circuit Court of Appeals upon the claim of an intervenor, set up in a Circuit Court against the receiver of a railroad appointed by that court in a suit for the foreclosure of a mortgage upon the road, is a final judgment which cannot be reviewed in this court.

MOTION to dismiss. The Mercantile Trust Company, a corporation of New York, filed its bill in the Circuit Court of the United States for the District of Kansas, June 8, 1888, against the Missouri, Kansas and Texas Railway Company, a corporation of Kansas, for the foreclosure of certain mortgages and deeds of trust, and George A. Eddy and H. C. Cross were thereupon appointed receivers of the company, and took charge of its property, which consisted, among other things, of a line of railroad running from Hannibal, Missouri, to Parsons, Kansas, and to Fort Worth, Texas. Ancillary proceedings were also had in the Circuit Courts of the United States through whose jurisdiction the railway ran. On October 11, 1890, Annie Letcher filed her intervening petition in that cause in the Circuit Court of the United States for the Northern

Division of the Eastern District of Missouri, at Hannibal, claiming damages on account of the death of her husband, Harvey Letcher, occasioned, as she averred, by the negligence of the receivers, their agents, servants and employés. The receivers having filed their answer thereto, the matter was referred by the court to a master in chancery to report conclusions thereon. A hearing was had and a report made by the master, May 18, 1891, recommending a judgment for $5000 in favor of the intervenor. Exceptions were filed and overruled, and the Circuit Court at Hannibal, on January 5, 1892, allowed the claim of the intervenor and rendered judgment for $5000 against the receivers, and ordered it "paid unto the intervenor herein, or her solicitor of record, by George A. Eddy and Harrison C. Cross, the receivers in this cause, out of any money or funds in their hands applicable to that purpose, or that the same be paid by the persons or corporations who have succeeded to the possession of the property lately in the custody of said receivers, who by the terms of the final decree, or previous orders in this cause, are chargeable with the payment of such claims." An appeal from this decree was taken by the receivers to the Circuit Court of Appeals for the Eighth Circuit and the decree affirmed, July 10, 1893. *Eddy* v. *Letcher*, 12 U. S. App. 506; *S. C.* 57 Fed. Rep. 115. Thereupon an appeal was prayed and allowed to this court, which the intervenor moved to dismiss. The deaths of Eddy and Cross having been suggested, the appearance of Henry C. Rouse, appointed receiver in their place, was entered.

*Mr. James P. Wood* for the motion.

*Mr. James Hagerman* and *Mr. George P. B. Jackson* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By section six of the judiciary act of March 3, 1891, c. 517, the judgments or decrees of the Circuit Courts of Appeals are made final "in all cases in which the jurisdiction is dependent

entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States or citizens of different States." And it is also provided that "in all cases not hereinbefore, in this section, made final there shall be of right an appeal or writ of error or review of the case by the Supreme Court of the United States where the matter in controversy shall exceed one thousand dollars." 26 Stat. 826, 828.

If the decree of the Circuit Court of Appeals for the Eighth Circuit was final under the sixth section, then this appeal must be dismissed, and in order to maintain that the decision was not final it must appear that the jurisdiction of the Circuit Court was not dependent entirely upon the opposite parties being citizens of different States. The jurisdiction of the Circuit Court was invoked by the filing of the bill, upon which it appeared that the suit was one of which cognizance could properly be taken on the ground of diverse citizenship, and it did not appear therefrom that jurisdiction was rested or could be asserted on any other ground. But it is insisted that appellee's cause of action arose long after the Circuit Court had taken jurisdiction and the receivers had been appointed, and that her suit by intervention was one arising under the Constitution and laws of the United States because the cause of action was asserted against the receivers as officers of the United States court and arose as alleged by reason of negligence on their part in the course of their receivership. It is plain, however, that the intervention was entertained as belonging to that class of proceedings recognized as allowable where property sought to be charged is *in custodia legis,* and not on any other ground. Although appellee's claim was purely a legal one, she did not bring an action at law, but was permitted to intervene by petition as in the assertion of a claim upon the property or fund being administered by the court. It is well settled that where property is in the actual possession of a court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control ; *Minnesota Co.* v. *St. Paul Co.,* 2 Wall. 609 ; *Morgan's Co.* v. *Texas Central Railway,* 137 U. S. 171, 201 ; and that where assets are in the course of administration, all persons entitled

to participate may come in, under the jurisdiction acquired between the original parties, by ancillary or supplemental proceedings, even though jurisdiction would be lacking if such proceedings had been originally and independently prosecuted. *Stewart* v. *Dunham*, 115 U. S. 61, 64 ; *Richmond* v. *Irons*, 121 U. S. 27, 52. And since where jurisdiction would not obtain in an independent suit, an intervening proceeding may nevertheless be maintained as ancillary and supplemental under jurisdiction already subsisting, such proceeding is to be regarded in that aspect, even in cases where the Circuit Court might have had jurisdiction of an independent action. Here, as we have said, the jurisdiction of the Circuit Court was invoked in the first instance by the filing of the bill, and it was under that jurisdiction that appellee intervened in the case, and that jurisdiction depended entirely upon diverse citizenship. We think the use of the words " suit or controversy " in the sixth section does not affect the conclusion. If the word " controversy " added anything to the comprehensiveness of the section, the fact remains that the exercise of the power of disposition over this intervention, whether styled suit or controversy, was the exercise of power invoked at the institution of the main suit, and it is to that point of time that the inquiry as to jurisdiction must necessarily be referred. *Colorado Central Mining Co.* v. *Turck*, 150 U. S. 138. Nor can the conclusion be otherwise because separate appeals may be allowed on such interventions. Decrees upon controversies separable from the main suit may indeed be separately reviewed but the jurisdiction of the Circuit Court over such controversies is not, therefore, to be ascribed to grounds independent of jurisdiction in the main suit. We are unable to attribute to Congress the intention of allowing final orders on every incidental controversy, involving over one thousand dollars, to be brought to this court for review, while denying such review of the principal decree, although involving millions.

Tested by these principles, the decree of the Circuit Court of Appeals was final, and the motion to dismiss must be sustained.

*Appeal dismissed.*