# GREGORY *v.* VAN EE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST
CIRCUIT.

No. 601. Submitted December 23, 1895. — Decided January 27, 1896.

If the decree of a Circuit Court of Appeals is final under the sixth section of the judiciary act of March 3, 1891, a decree upon an intervention in the same suit must be regarded as equally so; and even if the decree on such proceedings may be in itself independent of the controversy between the original parties, yet if the proceedings are entertained in the Circuit Court because of its possession of the subject of the ancillary or supplemental application, the disposition of the latter must partake of the finality of the main decree, and cannot be brought here on the theory that the Circuit Court exercised jurisdiction independently of the ground of jurisdiction which was originally invoked as giving cognizance to that court as a court of the United States.

GREGORY, a citizen of Illinois, filed his bill in the Supreme Judicial Court of Massachusetts, December 16, 1884, against

Frederick A. Pike, a citizen of Maine, and William C. N. Swift, a citizen of Massachusetts, to recover two certain non-negotiable promissory notes made by Swift, held by Pike, and alleged by Gregory to be his property. This suit was afterwards removed on Gregory's petition to the Circuit Court on the sole ground of the diverse citizenship of the parties. Pending the suit the notes were collected, and the proceeds transferred to the registry in the cause. On the petition of Swift and John C. Kemp Van Ee, who claimed to be interested in the notes, Van Ee was made a party defendant by order of court, against Gregory's objection, and filed a cross-bill. Butterfield was made a defendant on the application of himself and Swift, and filed a cross-bill, and Talbot, attorney for Pike and his estate, filed a petition for attorney's fees. Pike died, and his executrix, Mary H. Pike, was made a party. The Circuit Court dismissed the cross-bill of Butterfield and decreed payments out of the fund in favor of Mrs. Pike and Van Ee. From this decree separate appeals were taken, by Gregory as against Mrs. Pike, and as against Van Ee; by Talbot; and by Butterfield, to the Circuit Court of Appeals for the First Circuit and went to judgment there. The opinion of that court gives a clear idea of a somewhat confused record. 67 Fed. Rep. 687. The Court of Appeals concurred with the disposition of the case by the Circuit Court as to Mrs. Pike and Butterfield, but awarded relief to Talbot; and held that Van Ee was improperly made a party defendant, that his cross-bill was unauthorized and should be dismissed, but that it could be properly treated as an intervening petition, and, so treating it, that he was entitled thereon to the relief accorded by the Circuit Court. The case was remanded to the Circuit Court with directions to enter a final decree, modifying the original decree in the particulars pointed out. From the decree of the Circuit Court of Appeals separate appeals to this court were prayed by Gregory and allowed, as against Van Ee, Mary H. Pike, and Talbot, which appeals were separately docketed here as Nos. 601, 602, and 603. The appeals in Nos. 602 and 603, those against Mrs. Pike and Talbot, were dismissed November 25, and a motion to dismiss the appeal against Van Ee, No. 601, is now made.

*Mr. Russell Gray* for the motion.

*Mr. E. J. Phelps* and *Mr. F. A. Brooks* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of court.

The jurisdiction of the Circuit Court in the suit of Gregory against Pike and Swift rested on the fact that the controversy therein was between citizens of different States, and this was the sole ground on which Gregory removed the cause from the state court to the Circuit Court. The fund was in the Circuit Court because realized out of and substituted for the subject of contention in that suit, and Van Ee recovered on his intervening petition what he claimed to be his share of that fund.

In *Rouse* v. *Letcher,* 156 U. S. 47, we held that if the decree of a Circuit Court of Appeals is final under the sixth section of the judiciary act of March 3, 1891, a decree upon an intervention in the same suit must be regarded as equally so because the intervention is entertained in virtue of jurisdiction in the Circuit Court already subsisting. It was pointed out that where property is in the actual possession of the Circuit Court, this draws to it the right to decide upon conflicting claims for its ultimate possession and control, and that where assets are in the course of administration all persons entitled to participate may come in under the jurisdiction acquired between the original parties, by ancillary or supplemental proceedings, even though jurisdiction in the Circuit Court would be lacking if such proceedings had been independently prosecuted; that the exercise of the power of disposition by a Circuit Court of the United States over such an intervention is the exercise of power invoked at the institution of the main suit; and that it is to that point of time that the inquiry as to the jurisdiction of the Circuit Court must necessarily be referred. Therefore, that, if the decree in the main suit were final, decrees in accessory and subordinate proceedings would be also final, and appeals therefrom could not be sustained.

The Circuit Courts of the United States have cognizance of suits as provided by the acts of Congress, and when their jurisdiction as Federal courts has attached, they possess and exercise all the powers of courts of superior general jurisdiction. Accordingly they entertain and dispose of interventions and the like on familiar and recognized principles of general law and practice, but the ground on which their jurisdiction as courts of the United States rests is to be found in the statutes, and to that source must always be attributed.

Manifestly, the decree in the main suit cannot be revised tnrough an appeal from a decree on ancillary or supplemental proceedings, thus accomplishing indirectly what could not be done directly. And even if the decree on such proceedings may be in itself independent of the controversy between the original parties, yet if the proceedings are entertained in the Circuit Court because of its possession of the subject of the ancillary or supplemental application, the disposition of the latter must partake of the finality of the main decree, and cannot be brought here on the theory that the Circuit Court exercised jurisdiction independently of the ground of jurisdiction which was originally invoked as giving cognizance to that court as a court of the United States.

*Appeal dismissed.*