### CONNOR v. ALLIGATOR LUMBER CO. et al.

(Circuit Court, E. D. North Carolina. December 4, 1899.)

RECEIVERS—ANCILLARY SUIT BY TO QUIET TITLE—JURISDICTION.

> Where a federal court of equity, in a suit for the partition of lands, has appointed a receiver for such lands, he may, by leave of the court, file a bill in equity to protect his possession, and to require the defendants, as authorized by a state statute, to set up for adjudication an adverse claim made by them, alleged to constitute a cloud on the complainant's title, which will seriously interfere with any partition that may be ordered by the court; and such bill, being ancillary to the original suit, is within the jurisdiction of the court, regardless of the citizenship of the parties.[1]

In Equity. On demurrer to bill.

F. H. Busbee and E. F. Aydlett, for complainant.
Womack & Hayes, for defendant Johnson.

PURNELL, District Judge. Bill in equity, by leave of the court granted August 3, 1899, by H. G. Connor, receiver appointed by this

---

[1] As to supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195; as affected by citizenship of parties, see note to Shipp v. Williams, 10 C. C. A. 260.

court in causes pending in which the Alligator Lumber Company, C. R. Johnson, and H. T. Greenleaf, with others, are defendants. The purpose of one of the causes in which the appointment of a receiver was made was to obtain partition of what is termed the "Blount Patent," containing about 150,000 acres, situate in Dare county, and receiver was empowered to retain possession of and manage the same, under the direction of this court, and now retains such possession. The Alligator Lumber Company, of which the other defendants are officers and owners of the stock, obtained conveyances, which are claimed by defendants to cover a part of said land, but they have not set up the same in any suit at law, but are claiming the same, which is a cloud on complainant's title, and will greatly interfere with the partition, or sale for partition, of said land, as the same may be ordered by the court. The relief sought is to compel the defendants, or either of them, to make a full disclosure of their pretended claim to the land, to restrain and enjoin them from asserting any claim or title to the land belonging to complainant, as set forth, or interfering with the possession of complainant as receiver, and to quiet title. On August 4th an injunction was issued restraining defendants from entering on any of the lands referred to, and from any trespass upon, cutting any timber, or attempting to take possession of, any part in possession of complainant as receiver of the Blount patent. Defendants demur to the bill:

"First. For that this court has no jurisdiction thereof, the complainant and these defendants being all citizens and residents of the state of North Carolina. Second. For that the said complainant hath not, in and by the said bill, made and stated such a cause as doth or ought to entitle him to the relief thereby sought and prayed for from and against these defendants, for that (a) the complainant hath an adequate and speedy remedy at law; (b) for that it is substantially averred that these defendants claim possession and title to the lands therein described and alleged under the patent therein set forth in said bill of complaint, marked 'Exhibit D.' and that the same is void upon its face, or must appear to be void whenever relied upon by these defendants in the assertion of any rights thereunder; (c) for that this suit is, in effect, an action of ejectment, and an action to try title to land, which cannot be done in this court of equity. Third. For that it appears by the said bill of complaint that the East Coast Cedar Company, the People's Bank of Buffalo, N. Y., W. A. Ensign and Chas. A. Ensign, trading as W. A. Ensign & Co., M. H. Brown, Bank of Commerce, in Buffalo, N. Y., by Henry H. Persons and John H. Hazell, receivers, and the Phœnix National Bank of New York, are necessary and proper parties to a complete determination of the rights of these defendants herein, inasmuch as it is sought by this suit in equity to determine and finally adjudicate the title of these defendants to the lands described in the bill of complaint in a suit in which these named persons and corporations, claiming title thereto adversely to these defendants, are not parties."

The demurrer cannot be sustained, on two grounds: Question raised as to the jurisdiction of the court was abandoned on the argument, and could not be sustained. There is no question of the jurisdiction of the original actions in which the receiver was appointed, and no one doubts the well-established principle that, when a court of equity takes jurisdiction of a subject-matter, it draws into its jurisdiction everything pertaining to that subject, even of matters of which the court would not originally have had jurisdiction; in short, it will administer the whole estate to a finish. Gumbel v. Pitkin, 124

U. S. 132, 8 Sup. Ct. 379, 31 L. Ed. 374; State v. Roanoke Nav. Co., 84 N. C. 705; Rice v. Water Co. (C. C.) 91 Fed. 434. Under these authorities, many of the questions raised by the demurrer were recognized in the argument as settled beyond discussion. The question really discussed and insisted upon was whether a receiver pendente lite can maintain this suit; whether it is not, in substance, to try title to real estate,—an action of ejectment in a court of equity. Having jurisdiction of the original action, and having appointed a receiver, the property is in custodia legis, and the court will protect its officer in his possession, and treat opposition to such officer as opposition to the court itself. It is not an action of ejectment. When defendants answer, and raise a bona fide question of title, it will be in apt time to consider and raise these questions. It is now, as appears, a suit brought by permission of the court, to remove a cloud upon title and possession held as stated, that when the land is sold or divided for partition there shall be no cloud, and seems to be one of those suits contemplated in, and authorized by, Act N. C. 1893. Can the receiver maintain such a suit? This is one of those proceedings which must be, to a great extent, controlled by the state practice not inconsistent with that of the federal court. In consequence of former decisions, notably Macy v. Busbee, 85 N. C. 329, the legislature of North Carolina, in 1893, passed the following act:

"That an action may be brought by any person against another who claims an estate or interest adverse to him for the purpose of determining such adverse claims. That if the defendant in such action disclaim in his answer any interest or estate in the property or suffer judgment to be taken against him without answer the plaintiff cannot recover costs." Laws 1893, c. 6.

It will be noted that this act is broader and more comprehensive than the act of Mississippi, considered and construed by the supreme court of the United States in Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855; hence that decision is not conclusive, except so far as the general principles apply. For a perfect understanding of the North Carolina act, the decisions of the supreme court to meet which the act was passed, and the further fact that, under the code practice prevailing in the state, law and equity are administered by the same court, in one and the same civil action, the distinction being abolished, must be understood and considered. True, in Macy v. Busbee, Justice Ruffin says, to justify the interposition of the courts for the purpose of removing a cloud upon title, the difficulty complained of must appear to exist, and the cloud sought to be removed present at least some semblance of validity. But the act was to meet this and similar decisions. It seems to have been intended to give a right of action against busybodies, intermeddlers, and interferers with the title of others, whose claim or pretense does not present some semblance of validity, to compel them to disclose for adjudication their muniments of title or claims, and not wait until, in the course of events, witnesses die, or evidence, by some means, becomes unavailable against their claims. The act seems to be as broad as it could be made for the purpose evidently intended. It would present an anomaly not contemplated in the provisions for an independent federal judiciary, though even if the state law were not as I conceive it

to be, to hold that this court could appoint a receiver in a controversy of which it unquestionably has jurisdiction, and not have power to protect that receiver in the possession of property in custodia legis, or remove from his title or possession a cloud which seriously interferes with the further order of the court for a sale or a division of the property. This, too, seems to have been considered and decided in Re Tyler, 149 U. S. 181, 13 Sup. Ct. 785, 37 L. Ed. 689; Rouse v. Letcher, 156 U. S. 49, 15 Sup. Ct. 266, 39 L. Ed. 341; Ledoux v. La Bee (C. C.) 83 Fed. 761, and cases cited.

When defendants set up sole seisin in the original action, showing that they are not tenants in common and in possession, it will be time enough to take the extreme view of the case taken in the argument, and ask if an action of ejectment can be tried in a court of equity; or, should adverse title be set up, it will be in apt time to make up issues to be tried by a jury on the law side of the docket. The case has not reached that stage, and in its present status these questions are aliunde. In its present status, it may accomplish the purposes of the North Carolina act by compelling defendants to make their claims in a way to be adjudicated, or have judgment taken against them which will remove a cloud upon the title of parties to the original suit, that the court may proceed in the administration of the affairs involved. For the reasons stated, and others not necessary to state, the demurrer is overruled. Defendants will, by the next rule day, file such further pleadings as they may be advised in the premises. A decree will be drawn accordingly.