UNITED STATES v. JOURDEN.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 2,019.

INTOXICATING LIQUORS (§ 94*)—RECOVERY OF LICENSE FEE BY CIVIL ACTION. Carter's Ann. Code Cr. Proc. Alaska, § 468, as amended by Act Cong. Feb. 6, 1909, c. 80, 35 Stat. 602, provides for a barroom license to sell liquor of $1,000 and a wholesale license of $2,000. Section 472 of Carter's Ann. Code Cr. Proc., makes it a criminal offense to sell liquor without a license, and section 474 prescribes the method of procedure on such prosecutions. Held, that a civil action by the United States will not lie

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to recover the wholesale fee of a retailer who is selling at wholesale in violation of law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 94.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Action by the United States against Joseph Jourden. Judgment for defendant, and the United States brings error. Affirmed.

B. S. Rodey, U. S. Atty., N. H. Castle, Asst. U. S. Atty., and Elmer E. Todd, for the United States.

William A. Greene, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The statutes of Alaska (section 468 of Carter's Code of Criminal Procedure Alaska), as amended by the act of Congress of February 6, 1909 (35 Stats. 602), provide for two classes of licenses to sellers of liquor in Alaska: A barroom license, for which the licensee pays $1,000, and a wholesale license, for which he pays $2,000, per annum. The plaintiff in error brought an action against the defendant in error in the court below, alleging that the latter obtained on November 1, 1910, a barroom liquor license from the District Court for the District of Alaska for the term of one year from that date, but that, without obtaining the wholesale license, he so conducted his business as not only to sell liquors at retail, but at wholesale, and that thereby he became liable for the payment of $2,000, the statutory license fee for selling liquors at wholesale. The court below sustained a demurrer to the complaint, and entered a judgment against the plaintiff in error.

The single question presented on the appeal is whether in Alaska a civil action may be brought to recover the license fee in a case where the defendant has thus violated the law. Those statutes make no provision, either in express terms or by implication, for the recovery of the fee by such an action. Section 472 of the Criminal Code provides that:

"Any one engaged in the sale of intoxicating liquor, as specified in this act, in the District of Alaska, who is required by it to have a license, as herein specified, without first having obtained a license * > do so as herein provided, or any person who shall engage in such sale in any portion of the district where the sale thereof is prohibited, upon conviction thereof, shall be fined not less than $100 nor more than $2,000 or be imprisoned for not less than one month nor more than one year."

Section 474 prescribes the method of procedure in prosecutions for violations of the act.

It is the general rule, sustained by the authorities, without exception so far as we are advised, that where a statute provides for the payment of a license fee as the condition of doing any specified business, and also provides that a violator of the act shall, upon conviction, be punished by fine or imprisonment, the remedy by prosecution and punishment so prescribed by the statute is exclusive, unless

there is some special provision of law which permits the prosecution of a civil action to recover the license fee. Hencke v. Standiford, 66 Ark. 535, 52 S. W. 1; Chicago v. Enright, 27 Ill. App. 559; State v. Piazza, 66 Miss. 426, 6 South. 316; State v. Adler, 68 Miss. 487, 9 South. 645; United States v. Claflin, 97 U. S. 546, 24 L. Ed. 1082; City of Carondelet v. Picot, 38 Mo. 125; City of Camden v. Allen, 26 N. J. Law, 398; 23 Cyc. 151; 17 Am. & Eng. Enc. of Law, 272.

The case at bar is unlike that of United States v. Chamberlain, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204, in which it was held that an action would lie by the United States to recover the amount of a stamp tax payable under the war revenue act of June 13, 1898, upon the execution of a conveyance. The present action is not one to recover a tax imposed upon the performance of an act which all persons are permitted to perform, and which in itself is not in any way regulated or restricted, but it is an attempt to recover a fee which the law prescribed as one of the conditions upon which might be obtained the permission to engage in a specified business which is declared by law to be unlawful without that license. The fee is not a tax imposed upon the business of selling liquor. The statutes of Alaska do not extend to all persons who are willing to pay the license fee permission to engage in the business of selling liquor. The privilege is hedged about with restrictions and conditions, one of which is that the majority of the residents of the vicinage shall consent to the issuance of the license. Nor do the statutes confer upon the district attorney the power to legalize an illegal traffic, and to declare that, after the law has been broken, the lawbreaker shall pay the government the license for doing that for which no license has been given. The defendant in error is not indebted to the government. He has not complied with the terms upon which he could acquire the right to conduct a wholesale liquor business. He has conducted an illegal business, and has done acts prohibited by law, and for those acts the statutes prescribe but one remedy—the criminal prosecution and punishment of the offender. Of such an offender it was said in State v. Adler, supra:

"He is a violator of the law, and as such is liable to fine and imprisonment for his offense. But the offense is not that he has failed to pay a sum 'as taxes on the business transacted, or even that he has conducted the business without payment of the license tax. Payment of the sums fixed as the price of the license would not of itself have legalized the business. Compliance with all the other numerous provisions of the statute would be required to render it legal."

The judgment is affirmed.