## UNITED STATES v. NORTHWESTERN DEVELOPMENT CO. et al.

### (Circuit Court of Appeals, Ninth Circuit. February 10, 1913.)

### No. 2,100.

1. APPEAL AND ERROR (§ 4*)—PROPER MODE OF REVIEW—APPEAL OR WRIT OF ERROR.

Every judgment and order in an action is of the character of the principal action, and, if such action is at law, is reviewable on writ of error and not by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. § 4.*]

2. APPEAL AND ERROR (§ 143*)—RIGHT OF REVIEW—INTERVENER.

Where a complaint in intervention in an action at law is dismissed by the final judgment of the court on the ground that it does not state a cause of action, the intervener may review such judgment on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 921: Dec. Dig. § 143.*]

3. LICENSES (§ 32*)—LICENSE TAX ON RAILROADS IN ALASKA—RECOVERY BY CIVIL ACTION.

Act March 3, 1899, c. 429, 30 Stat. 1336, § 460, as amended by Act June 6, 1900, c. 786, 31 Stat. 321, provides that any corporation operating a railroad in Alaska shall obtain a license and pay an annual license tax. Section 461 makes any corporation operating a railroad without obtaining such license guilty of a misdemeanor and subject to a fine equal to the license tax for the first offense, and section 474 provides the method of procedure for the enforcement of the penalty. Held, that such method is exclusive and that the United States cannot maintain a civil action against a railroad company to recover the amount of such license tax.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 66; Dec. Dig. § 32.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska; Cornelius D. Murane, Judge.

Action at law by the Northwestern Development Company against the Seward Peninsula Railway Company; the United States, intervener. From a judgment dismissing the petition of intervention, the United States brings error. Affirmed.

The Northwestern Development Company, plaintiff in the court below, defendant in error here, brought suit against the Seward Peninsula Railway Company to recover the sum of $51,300.72, alleged to have been due to plaintiff from the defendant. Upon filing the complaint an attachment was issued which was levied upon all the property of the defendant within the jurisdiction of the court. Thereafter the writ of attachment was returned, and the defendant, after having been served with summons, defaulted. The United States attorney thereafter filed a petition of intervention on behalf of the United States, alleging that there was due from the defendant to the United States the sum of $42,400 as unpaid license taxes for operating a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

railroad in said district; and that the indebtedness of the defendant to the plaintiff was inferior in time and right to the indebtedness of the defendant to the United States. The petition prayed that the amount of the license taxes should be declared a lien upon all the defendant's property, and that such lien be declared superior to any right or claim of the plaintiff; that an injunction pendente lite issue restraining the plaintiff from securing or entering any judgment in the premises until the rights of the United States in such property be fixed and determined by the court; and that the United States have judgment against the defendant for the sum of $42,400. The plaintiff moved the court to strike from the files and dismiss the petition in intervention. This motion was granted and judgment entered in favor of the plaintiff in the sum of $52,121.53, and the attached property of the defendant ordered sold to satisfy the judgment.

The United States has brought the record here upon writ of error.

B. S. Rodey, U. S. Atty., and N. H. Castle, Asst. U. S. Atty., both of Nome, Alaska (Elmer E. Todd, of Seattle, Wash., of counsel), for the United States.

William H. Gorham, of Seattle, Wash., for defendant in error Northwestern Development Co.

Ira D. Orton, of Seattle, Wash., for defendant in error Seward Peninsula Ry. Co.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The defendant in error moves to dismiss the writ of error on the ground that the complaint in intervention filed by the United States in the court below is in the nature of a bill in equity, and that the action of the trial court with respect to such complaint was an exercise of its equity powers, and was, in substance, a final decree on the equity side of the court, and that such action and final decree cannot be reviewed in this court upon writ of error.

[1] The principal action was at law, and, under a well-established rule, every judgment and order of a court is the character of the principal action.

"The character of the principal suit gives color to every judgment and decree pronounced in that case." Nashville Ry. & Light Co. v. Bunn, 168 Fed. 862, 94 C. C. A. 274.

"Decrees upon controversies separable from the main suit may indeed be separately reviewed, but the jurisdiction of the Circuit Court over such controversies is not, therefore, to be ascribed to grounds independent of jurisdiction in the main suit." Rouse v. Letcher, 156 U. S. 47, 50, 15 Sup. Ct. 266, 268 (39 L. Ed. 341).

"The exercise of the power of disposition by a Circuit Court of the United States over such an intervention is the exercise of the power invoked at the institution of the main suit." Gregory v. Vance, 160 U. S. 643, 16 Sup. Ct. 431, 40 L. Ed. 566.

[2] It is further objected that, the court having dismissed the complaint in intervention, the complaining intervener had no standing in court as a party to the action and was without capacity to except to the entry of judgment or to sue out a writ of error to review the judgment.

The objection cannot be sustained.

The order dismissing the complaint an intervention was a judgment upon the merits incorporated into the final judgment in the

case determining that the petition in intervention did "not state facts sufficient to constitute a cause of action in intervention or any cause of action." The trial court having made the intervening complainant a party to the final judgment upon the merits, the latter has clearly the right to seek its review by a writ of error. Furthermore, the action on the part of the plaintiff had for its purpose the appropriation of all the defendant's property, or so much of it as was necessary to satisfy plaintiff's debt. The intervening complainant claimed a superior right to have its debt satisfied out of this property. If it had such a right, the denial of the right to intervene was a practical denial of all relief to the petitioner. In such a case a writ of error will lie. Credits Commutation Co. v. United States, 91 Fed. 570, 573, 34 C. C. A. 12; s. c., 177 U. S. 311, 315, 20 Sup. Ct. 636, 44 L. Ed. 782.

The motion to dismiss the writ of error must therefore be denied.

[3] Whether the complaint in intervention states facts sufficient to constitute a cause of action depends upon the question whether the license tax due the United States could be recovered in a civil action. Section 460 of the Act of March 3, 1899, c. 429, as amended by the Act of June 6, 1900 (31 Stat. 321, 330, 331) provides:

"That any person or persons, corporation or company prosecuting or attempting to prosecute any of the following lines of business within the district of Alaska shall first apply for and obtain license so to do from a District Court or a subdivision thereof in said district, and pay for said license for the respective lines of business and trade as follows, to wit, * * * railroads, one hundred dollars per mile per annum on each mile operated."

Section 461 of the act provides:

"That any person, corporation, or company doing or attempting to do business in violation of the provisions of the foregoing section, or without having first paid the license therein required, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined, for the first offense, in a sum equal to the license required for the business, trade, or occupation; and for the second offense, a fine equal to double the amount of the license required; and for the third offense, three times the license required and imprisonment for not less than thirty days nor more than six months: Provided, that each day business is done or attempted to be done in violation of the preceding section shall constitute a separate and distinct offense."

Section 474 of the act provides the method of procedure for the enforcement of the license tax:

"That prosecutions for violations of the provisions of this act shall be on information filed in the district court or any subdivision thereof, or before a United States commissioner, by the United States marshal, or any deputy marshal, or by the district attorney or any of his assistants. Or such prosecution may be by and through indictment by grand jury, and it shall be the duty of either of said officers, on the representation of two or more reputable citizens, to file such information, or to present the facts alleged to constitute violations of the law to the grand jury."

In United States v. Jourden, 193 Fed. 986, 113 C. C. A. 606, this court held that this procedure was exclusive, and that a civil suit would not lie for selling liquors at wholesale. The procedure against a railroad company for failure to pay its license tax is the same as against a wholesale liquor dealer, and, while the operation of a railroad differs

in many particulars from that of carrying on the business of a whole-sale liquor business, there is no difference in the method provided in the statute for the enforcement of the license tax.

We must therefore hold, under the authority of United States v. Jourden, supra, that the trial court was right in dismissing the complaint in intervention.

The judgment of the court below is affirmed.