# BERWIND-WHITE COAL MINING COMPANY
### v.
## BORINQUEN SUGAR COMPANY.

---

### San Juan, Equity, No. 897.

#### ON MOTION TO VACATE ALLOWANCE OF CLAIMS.

**Equity Practice—Rehearing.**

    1. A motion is the proper method of securing correction of a cleri-
cal error during the term, a petition for rehearing the proper method
of correcting errors not clerical in a decree before enrolment, and a
bill of review is proper where a modification is sought of an enrolled
decree, an error of law or fact.

**Intervention—Final Decree.**

    2. A determination of a claim of intervention is a final decree, and
cannot be vacated after the expiration of the term.

**Intervener—Standing in Court.**

    3. A court of equity is inclined to grant leave to any person in
interest to raise a material question, and will look beyond the mere
matter of form.

#### Opinion filed October 5, 1914.

*Messrs. Savage & Francis* for motion.

*Messrs. J. H. Frazer, Francis E. Neagle* contra.

HAMILTON, Judge, delivered the following opinion:

The motion now before the court was filed by José Toro Rios on July 18, 1914, seeking to have vacated decrees of this court dated March 6, 1914, allowing a preference to the Berwind-White Coal Mining Company and the West India Oil Company on their claims for supplies, and seeking to set aside the preference granted other claimants in the report of the special master filed July 1, 1914.

The gist of this application is to secure a reversal of the ruling of this court allowing preferences to supply claims, on the ground that a sugar central does not stand in the same category as a railroad. It will be necessary first to discuss the method by which this result is sought.

1. It is a general rule of practice that a motion or petition is proper to secure the correction of any clerical error made during the term. Equity Rule No. 72; 2 Foster, Fed. Pr. 1392. A petition for a rehearing is the proper method of correcting before enrolment errors in a decree which are not evidently clerical or accidental. 2 Foster, Fed. Pr. 1395. A bill of review is proper when the remedy sought is the reversal or modification of a decree that has been signed and enrolled, where the error is one of law apparent upon the face of the decree, or one of fact shown by the discovery of new evidence. 2 Foster, Fed. Pr. 1402; Mitford & T. Eq. Pl. & Pr. 483, 486; 2 Bates, Fed. Eq. Proc. 756, 757. The error alleged in

the previous (enrolled) decree of this court is one of law, not of fact, and it would therefore appear that a motion is not the proper method of securing the relief sought.

2. Solicitors for the present motion, however, allege that the order attacked is interlocutory and can be varied even at a subsequent term. Street, Fed. Eq. Pr. §§ 1935, 2069. Supposing, therefore, the method of attack is correct, let us consider the order. The action of the court in allowing the claims and preference in question was not interlocutory. As to one, a claim of the complainant was involved, and as to the other an intervening petition. Where, in a receivership case, an intervening creditor, by leave of court, files a petition of intervention, claiming an interest in or lien upon the property, and the court makes a decree fully determining the claim, this decree is a final decree and cannot be vacated by the court after expiration of the term. Where the amount is sufficient, as it is, in the case at bar, an appeal will lie from the decree. 1 Foster, Fed. Pr. § 259; 2 Bates, Fed. Eq. Proc. § 630; Fosdick v. Schall, 99 U. S. 235, 25 L. ed. 339; Rouse v. Letcher, 156 U. S. 47, 39 L. ed. 341, 15 Sup. Ct. Rep. 266; Virginia & A. Coal Co. v. Central R. & Bkg. Co. 170 U. S. 355, 42 L. ed. 1068, 18 Sup. Ct. Rep 657. The cases upon which this point has arisen are largely railroad receivership cases, but the principle is one of equity procedure applied to railroads, and not of railroads administered in equity, and is not at all controlled by this fact.

It would seem, therefore, that the decrees now attacked were final decrees entered and enrolled at a previous term, and are not now subject to revision in this court.

3. It is further contended that the petitioner has no standing in court, he not being an original party to the suit or a

party at the time of the intervention petition in question, and not having leave of court to make this application. A court of equity would be inclined to grant leave to any party in interest to raise a question material in a case, and will look beyond the mere matter of form. But from the considerations mentioned above it would not appear to be proper to grant leave to the petitioner. The court feels itself unable to reconsider the merits of the order now attacked.

It follows that the motion must be denied; and it is so. ordered.