## RICHFIELD OIL CO. v. WESTERN MACHINERY CO. et al.

(Circuit Court of Appeals, Ninth Circuit. April 3, 1922. Rehearing Denied May 8, 1922.)

No. 3789.

1 Appeal and error ⬉⇒958—When denial of motion to intervene will be reversed.

The Circuit Court of Appeals will reverse an order denying a motion for leave to intervene, if petitioner had an absolute right to intervene, but will not disturb the action of such court, if the facts presented a case for the exercise of judicial discretion.

2 Parties ⬉⇒41—When right of party to intervene is absolute.

The general rule is that an application to intervene is addressed to the sound discretion of the court, but that rule is founded on the assumption that the petitioner for intervention has other and adequate means of redress available to him, and if one presents a situation where he will lose a meritorious claim, unless he can obtain relief by intervention, the court has no right to deprive him of the only way by which he can have an opportunity to be heard.

3. Receivers ⬉⇒34—Creditor held entitled to intervene as matter of right in other creditor's action.

A petition of a creditor showing that assets of defendants valued at $2,000,000 were sold at public sale by a receiver for about $86,465, plus amounts which made a total of $275,000, and out of an indebtedness of about $800,000 claims for less than $270,000 were established in court, and each and every claimant of the claims aggregating such amount was adjudged entitled to a lien, *held* to show that petitioner had an absolute right to intervene in a prior action by another creditor seeking injunction and receiver.

Appeal from the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

⬉⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Western Machinery Company and others against Edwin R. Post and another, to establish a lien and appoint a receiver. From an order denying it leave to intervene and file answer, the Richfield Oil Company appeals. Reversed and remanded, with directions.

This appeal from an order denying the Richfield Oil Company leave to intervene and to file answer to an amended bill of complaint in Western Machinery Co. et al. v. Post, et al. is the result of our decision in Matter of Richfield Oil Co., 279 Fed. 851. The case is this:

In 1920 the Western Machinery Company and Schweitzer sued Post and the Valley Farms Water Company, a corporation, for $150,000, and asked for a receiver and determination of equities. The action was for work and machinery furnished for a large irrigation project in Arizona. The complaint alleges that the defendants had assets of about $2,000,000, but that Post owed about $800,000, which was only partly secured; that claims for liens were being made, litigation was pending in the state courts, and many creditors threatened suit; that many people held water contracts and were threatening suits requiring defendants to furnish water to save crops; that defendants had no ready funds, and, if sued, could not prevent judgments which would be followed by sales at a sacrifice, and that the security of the plaintiff would be impaired; that defendants had assets which were sufficient, if properly administered, to pay all legal claims and charges, but that, if attachments and litigation were had, the property would not pay the debts in full. Defendants admitted the allegations of the complaint and joined in a prayer for a receiver. A receiver was appointed for all the property of the defendants.

Subsequently the Machinery Company by amended bill brought in many additional parties defendant, and alleged acquisition by the defendants E. R. Post, E. S. Post and Valley Farms Water Company, of certain equitable rights consisting of valuable water rights and easements, together with improvements; that the entire stock of the Valley Farms Water Company was owned and controlled by the defendants E. R. and E. S. Post; that the corporation had contracted with many people to supply water for irrigation, and that the assets of the defendants and the corporation were about $2,000,000; that the real estate described in the complaint was held in trust by E. R. Post for the use and benefit of the Valley Farms Water Company; that under a written contract the Western Machinery Company furnished Post labor and material for construction and equipment of some 37 wells, for which there was a balance of more than $160,000 due and unpaid; that the company also erected for Post and the Valley Farms Water Company a central power plant, for which there was a balance due of more than $20,000, and that it was the intention of the parties to the contract that payments for the labor and material furnished should be secured by the retention of title to all the materials and by an equitable lien upon the premises upon which these improvements were made; that all the defendants, as well as other creditors of E. R. and E. S. Post and the Valley Farms Water Company, knew of the contract and of the intention of the parties to pledge the property described as security for the payment of the debt to the Machinery Company; that E. R. and E. S. Post, being unable to meet their obligations or complete the irrigation project, in order to secure additional credit from the Western Machinery Company and other creditors, on July 3, 1920, made a trust agreement conveying to three trustees all the Post interests to the properties in trust, to enable the trustees to further finance the project and complete same for the use and benefit of their creditors; that certain defendants made claims upon the assets and interests of E. R. and E. S. Post and the Valley Farms Water Company, but that all claims are subject to the prior claim of the Western Machinery Company; that the assets consist of equities which cannot be reached under execution, and that there was no adequate means at law to reach the same; that, Post being heavily indebted and suits being threatened, great expense would follow if suits were brought; that the principal defendants are obligated to furnish ample supply of water to irrigate about 15,000 acres; that by the Arizona laws the Valley Farms Water Com-

pany is in fact a public service corporation, charged with the duty of furnishing water for agricultural and domestic purposes; and that use of the materials and machinery furnished by the Western Machinery Company is necessary to enable the contracts to be fulfilled and to save maturing crops. Among a number of answers filed was that of E. R. and E. S. Post and Valley Farms Water Company, who, by pleading filed July 18, 1921, expressly admitted every allegation of the amended bill.

In August, 1921, the Richfield Oil Company, appellant herein, asked leave to intervene, and tendered an answer to the amended complaint. The petitioning company alleged that in May and June, 1920, it sold a quantity of machinery and oil to the defendant E. R. Post for use in the Post reclamation project, and for which there was due $28,000, with interest; that intervener had no security, and that by reason of the appointment of a receiver it was prevented from exercising legal remedies for the fixing of a lien; that unless permitted to intervene there was danger of it losing any remedy for the collection of its account; that the plaintiff was wrongfully claiming and seeking a preference over the claim of the intervener. The answer tendered denied that it was intended by the parties to the contract to secure payment for work and material furnished under contracts by retention of title to the material described, or by an equitable lien upon the premises, denied knowledge of any such pretended claims or intention, denied any lien prior to its own, and pleaded that, even though it were the intent of the parties to the contract set out in the complaint that payment should be secured by equitable lien upon the premises and improvements, such facts were immaterial, and that, though the numerous creditors of the defendants Post and Valley Farms Water Company were threatening suit, the matter was insufficient to warrant equitable relief. The proposed answer also set up that the Valley Farms Water Company never properly functioned as a corporation, never issued its stock or was authorized to incur obligations or to transact business, and that all the business done in the name of the corporation was in fact transacted by E. R. Post in his personal capacity, and all debts against the corporation were chargeable only to E. R. Post; that the plaintiff had a complete remedy at law; that the complaint should be dismissed, and the order appointing a receiver vacated. Praying in the alternative, judgment was asked against the defendant Post for the amount claimed; also that the rights and claims against the defendants be adjudicated before a sale of the property by the receiver be ordered, and that the claim of the plaintiff be denied priority over the claim of intervener.

Wylie & McGrath, copartners, also applied to intervene, and tendered an answer to the amended complaint.

The court denied leave to intervene, and made a decree awarding the Western Machinery Company judgment against E. R. Post and Valley Farms Water Company for the amount of its claims with interest, and decreeing that the amounts should constitute a lien upon the property described in the complaint. Sale of the property was ordered in order to satisfy the liens. The lien claimants were authorized to purchase, and the liens were fixed. In October the receiver sold the property without right of redemption to one Lec, as trustee, for $86,465, and the sale was thereafter confirmed by the court.

Frank James, Troy Pace, and Walter E. Smith, all of Los Angeles, Cal., for appellant.

Nathan Newby and William Fleet Palmer, both of Los Angeles, Cal., for appellees Western Machinery Co. and others.

O. T. Richey, of Tucson, Ariz., for appellees Valley Farms Water Co. and others.

Ben C. Hill, of Tucson, Ariz., for appellee Latourette Fical Co.

Gerald Jones, of Tucson, Ariz., for other appellees.

Before ROSS, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] The question presented is whether or not the Oil Company made a showing which gave it an absolute right to intervene. If it did, the District Court erred in denying the motion to intervene; while, if the facts presented but a case for the exercise of judicial discretion, this court will not disturb the order appealed from.

[2, 3] Of course, the general rule is that an application to intervene is addressed to the sound discretion of the court. Credits Com. Co. v. United States, 177 U. S. 316, 20 Sup. Ct. 636, 44 L. Ed. 782. But that rule is founded upon the assumption that the petitioner for intervention has other and adequate means of redress available to him, and therefore it is not unjust to him to rule that the main controversy should be proceeded with, freed of the complication injected by his assertions. Obviously, serious injustice would often be done to the principal litigants, if it were obligatory upon the court to halt the progress of a suit in order to let a new party come in and try out his claims, regardless of the fact that he can, by an independent action, sufficiently protect any right he may have. But, on the other hand, if one presents a situation where he will lose a meritorious claim unless he can obtain relief by coming into the main suit, to say that he may not intervene is to deprive him of the only way by which he can have an opportunity to be heard. This would be equivalent to holding that, notwithstanding the fact that one has a direct interest in the litigation and the subject-matter thereof, and who shows that he is remediless unless he can assert his claim, has no absolute right to be heard, and must abide the discretion of the court, which may be exercised adversely to him, and so deprive him of any relief whatsoever.

A court of equity will not proceed in that way, and where it has obtained jurisdiction, and has taken possession of the property of defendants in the main suit through a receiver, will be guided by principles which will more efficiently and effectually meet the ends of justice. U. S. Trust Co. v. Chicago T. T. Co., 188 Fed. 292, 110 C. C. A. 270; Credits Com. Co. v. United States, 91 Fed. 573, 34 C. C. A. 12, and 177 U. S. 316, 20 Sup. Ct. 636, 44 L. Ed. 782; Farmers' & Merchants' Bank v. Arizona M. & S. & L. Association, 220 Fed. 1, 135 C. C. A. 577; Cathay Trust Co. v. Brooks, 193 Fed. 973, 114 C. C. A. 125; Rouse v. Letcher, 156 U. S. 47, 15 Sup. Ct. 266, 39 L. Ed. 341; B. & M. R. R. Co. v. Sullivan (C. C. A.) 275 Fed. 892; Western Union Tel. Co. v. United States, 221 Fed. 546, 137 C. C. A. 113; Swift v. Black Panther Oil Co., 244 Fed. 20, 156 C. C. A. 448. The justice of applying the views expressed is well illustrated by the case under consideration, where it appears in the record that the assets of the defendants, valued at about $2,000,000, were sold at public sale by the receiver for about $86,465, plus amounts which made a total of $275,000, and out of an indebtedness of about $800,000 claims for less than $270,000 were established in court, and each and every claimant of the claims aggregating such amount was adjudged entitled to a lien. The assets are therefore gone, and, although appellant moved with reasonable expedition, it was denied a right to contest the claim of plaintiffs below, or to dispute their allegations of right to the preferences awarded them.

The decree must be reversed, and the cause remanded, with directions to set aside the decree and the sale thereunder, and the order denying appellant's petition to intervene, and to permit the appellant herein to intervene and be heard in support of its claim.