[Civ. No. 11877.   First Dist., Div. Two.   Dec. 3, 1941.]

THE PEOPLE, Respondent, v. LUDWIG SCHMIDT, Appellant.

Sans, Hudson & Perry for Appellant.

Earl Warren, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondent.

SPENCE, J.—Plaintiff sued to recover from defendant license fees of $250 and $500 respectively, alleged to have become due from defendant by reason of the issuance to defendant of two beer importer's licenses under the provisions of the Alcoholic Beverage Control Act of 1935. (Stats. 1935, Chap. 330, Deering's Gen. Laws, 1937, Act 3796.) Plaintiff had judgment and defendant appeals.

Shortly after said act became effective, certain interested parties commenced an action entitled *Young's Market Co., et al.* v. *State Board of Equalization et al.*, in the United States District Court for the Southern District of California, Central Division, said action being numbered therein Equity 736–H. A court of three judges heard said cause and a judgment was entered permanently enjoining the defendants therein from enforcing against plaintiffs therein and others similarly situated certain provisions of said act including the provisions thereof relating to the collection of beer importer's license fees. (See *Young's Market Co. et al.* v. *State Board of Equalization et al.*, 12 Fed. Supp. 140.) Said judgment was thereafter reversed by the United States Supreme Court. (*State Board of Equalization et al.* v. *Young's Market Co. et al.*, 299 U. S. 59 [57 Sup. Ct. 77, 81 L. Ed. 38].)

After the entry of the judgment in that case but prior to the reversal of said judgment, a beer importer's license was issued to defendant bearing the following typewritten notation upon the face thereof: ''This license issued without fee provided for in Alcoholic Beverage Control Act, in accordance with decree recorded and entered on October 9, 1935 in the District Court of the United States for the Southern District of California, Central Division, in the cause entitled '*Young's Market Company, a Corporation, et al.* v. *State Board of Equalization of the State of California, et al.,* No. Eq. 736–H.' '' Thereafter, and prior to the reversal of said judgment, said license was renewed without the payment of the fee provided in said act. After said judgment was reversed in December, 1936, demand was then made upon ·defendant to pay the fees provided in said act for said licenses which had been previously issued. Defendant refused to pay said fees and this action was commenced for the purpose of collecting the same. The evidence showed that defendant had made extensive importations of beer under said licenses prior to the demand for said fees but had ceased to make said importations after the demand for said fees.

Defendant makes several contentions but all are to the effect that the trial court erred in overruling his demurrer to the complaint and in entering judgment in favor of plaintiff. We do not believe that defendant's contentions can be sustained.

■ The parties are agreed that the factual situation is unique and that there are no authorities directly in point. They seem to be further agreed that the act required the tender of such fees at the time of making application for the licenses; that such fees were not demanded at that time by reason of the injunction then in force and effect preventing the collection of, or the attempt to collect, such fees; and that the act contained no express provision authorizing the plaintiff to bring an action for the purpose of collecting such fees. We find no authorities which compel the conclusion that plaintiff could not bring an action for that purpose and we are of the view that plaintiff was entitled to bring such action upon the obligation implied in law by the provisions of said act. This is not a case similar to *United States* v. *Jourden,* 193 Fed. 986 [113 C. C. A. 606], or *People* v. *Craycroft,* 2 Cal. 243 [56 Am. Dec. 331], cited by defendant, in which attempts were made to collect license fees from unlicensed persons upon the sole ground that such persons had done the acts requiring a license.

■ Defendant argues at length that the license fees provided by the act were regulatory fees and not fees for revenue but, under the circumstances before us, we believe this question is immaterial. ■ He further argues that there was no obligation implied in fact as the application showed, under the printed heading of ''Fee Tendered,'' the written notation ''No fee.'' This likewise appears immaterial as the obligation was one implied in law from the terms of the act, which act was ultimately held to be valid and constitutional. He further argues that there could be no implied obligation whatever as he claims that the licenses were void because issued in ''direct violation'' of the terms of the act. In support of this claim, he cites cases involving attempts to collect license fees in cases where public officials had issued licenses on credit or otherwise in direct violation of the licensing act. (See *Town of Gallup* v. *Gallup Cold Storage Co.,* 26 N. M. 253 [191 Pac. 465] ; Woolen and Thornton on Intoxicating Liquors, sec. 491 ; Joyce on Intoxicating Liquors, sec. 196.) But said authorities refer to licenses issued by public officials in direct violation of the licensing acts and without any legal justification. In the present case, the then existing injunction prevented any attempt to collect the license fees in question and the public officials were, for the

time being, powerless to collect such fees. Such temporary suspension of the powers of said public officials cannot be held to have resulted in rendering invalid the licenses issued pending the ultimate determination of the validity of the act.

■ Defendant makes the further point that any right to collect said license fees was lost by virtue of the repeal in 1937 of the provisions imposing license fees upon beer importers. (Stats. 1937, ch. 758.) In effect, this amounts to a contention that the legislature had the power, by repealing said provisions in 1937, to surrender, without consideration, a right which had theretofore vested in the state. We find no merit in this contention as the legislature may not, under the guise of a repeal, violate section 31 of article IV of the Constitution. (*Trippet* v. *State*, 149 Cal. 521, 528 [86 Pac. 1084, 8 L. R. A. (N. S.) 1210].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1942. Edmonds, J., and Carter, J., voted for a hearing. Traynor, J., did not participate therein.