ROSENBERG v. UNION IRON WORKS.

(District Court, N. D. California. June 5, 1901.)

No. 280.

1. ALIENS—IMPORTATION OF LABORER UNDER CONTRACT—JURISDICTION OF SUIT TO RECOVER PENALTY.
   Under Rev. St. § 563, subd. 3, giving district courts of the United States jurisdiction "of all suits for penalties and forfeitures incurred under any law of the United States," such court has jurisdiction of a suit to recover the penalty imposed by Act Feb. 26, 1885 (23 Stat. 332) § 3, for importing a foreign laborer under contract.

2. SAME—RECOVERY OF PENALTY—SUIT BY PRIVATE PERSON.
   The alien contract labor law (Act Feb. 26, 1885; 23 Stat. 332) § 3, which provides that the penalty thereby imposed for its violation "may be sued for and recovered by the United States or by any person who shall first bring his action therefor, * * * the proceeds to be paid into the treasury of the United States," and, further, that it shall be the duty of the district attorney to prosecute every such suit at the expense of the United States, does not authorize a private individual to maintain an action to recover such penalty for his own use; nor does the amendatory act of October 19, 1888 (25 Stat. 565), which authorizes the secretary of the treasury, in his discretion, to pay to an informer a share of the penalty recovered.

On Demurrer to Complaint.

Henry E. Monroe (Marshall B. Woodworth, U. S. Dist. Atty., of counsel), for plaintiff.

Wilson & Wilson, for defendant.

DE HAVEN, District Judge. This is an action to recover the penalty imposed by section 3 of the act of congress of February 26, 1885, entitled "An act to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its territories and the District of Columbia." 23 Stat. 332. The complaint alleges, in substance, that the defendant entered into a contract with one Carl Englund, then a subject of the kingdom of Sweden, and residing therein, whereby it was agreed that Englund should migrate to the United States, and labor for defendant as a coppersmith, in the Northern district of California, for one year, the defendant to prepay his passage from Sweden to San Francisco in the United States, and to pay him "from three to four dollars per day" for his services; that, in pursuance of such contract, defendant prepaid the passage of Englund from Sweden to San Francisco; and that said alien, so assisted by defendant, migrated to the United States, and thereafter performed labor for defendant as a coppersmith. The complaint then alleges that by reason of these matters defendant "became liable to pay to plaintiff the sum of one thousand (1,000) dollars, no part of which has been paid," and in conclusion plaintiff prays for a judgment against defendant for that sum and costs of suit. The defendant has demurred to the complaint upon two grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action.

1. Subdivision 3 of section 563 of the Revised Statutes gives to the several district courts of the United States jurisdiction "of all suits for penalties and forfeitures incurred under any law of the United States." This is such an action, and the contention of defendant that this court is without jurisdiction to hear and determine it cannot be sustained. Lees v. U. S., 150 U. S. 476, 14 Sup. Ct. 163, 37 L. Ed. 1150.

2. The second ground of the demurrer presents the general question of the right of the plaintiff to recover the judgment demanded in the complaint. By section 1 of the act of congress above referred to it is made unlawful for any person "to prepay the transportation, or in any way assist or encourage the importation or migration of any alien or aliens, any foreigner or foreigners, into the United States, * * * under contract or agreement parol or special, express or implied, made previous to the importation or migration of such alien or aliens, foreigner or foreigners, to perform labor or service of any kind in the United States." Section 3 of the act imposes a penalty of $1,000 upon any person violating the provisions of section 1, and further provides that this penalty "may be sued for and recovered by the United States, or by any person who shall first bring his action therefor, including any such alien or foreigner who may be a party to any such contract or agreement, as debts of like amount are now recovered in the circuit court of the United States; the proceeds to be paid into the treasury of the United States; and separate suits may be brought for each alien or foreigner being a party to such contract or agree-

ment aforesaid. And it shall be the duty of the district attorney of the proper district to prosecute every such suit at the expense of the United States." This action is not prosecuted for the benefit of the United States, and the complaint does not state facts sufficient to entitle the plaintiff to the judgment which he asks, unless it can be held that upon the facts stated he has the legal right to recover the penalty sued for for his own use. The act provides that the penalty therein given "may be sued for and recovered by the United States, or by any person who shall first bring his action therefor." If this language stood alone, the right of the plaintiff to recover the judgment sought would be clear (Nye v. Lamphere, 2 Gray, 295; Drew v. Hilliker, 56 Vt. 642); but it does not, and is qualified by the clause immediately following, which provides that any penalty recovered shall be paid into the treasury of the United States, and by the further provision making it the duty of the district attorney of the proper district "to prosecute every such suit at the expense of the United States." A general authority to sue would authorize the plaintiff not only to sue in his own name, but also to employ his own attorney to prosecute the action. U. S. v. Griswold, 5 Sawy. 25, Fed. Cas. No. 15,266. This general right, which belongs to every plaintiff in a private action, is denied to the person who brings suit to recover the penalty imposed by the act under consideration. The statute is highly penal, and it was the evident intention of congress that no prosecutions should be had thereunder unless commenced and conducted by the United States district attorney, acting under the responsibility of his official oath. While it may be true that an action to recover the penalty given by the act may be brought in the name of a private person, still it is the duty of the district attorney to prosecute such action at the expense of the United States, and the proceeds of any judgment recovered therein must be paid into the treasury of the United States, and the only interest which any person can have in the penalty which may be recovered in an action under this act, whether such action is prosecuted by the United States or in the name of a private person, is that given by the subsequent act of October 19, 1888 (25 Stat. 565), amending the act of February 26, 1885. This amendatory act (page 567) authorizes the secretary of the treasury "to pay to an informer who furnishes original information that the law has been violated such share of the penalties recovered as he may deem reasonable and just, not exceeding fifty per centum, where it appears that the recovery was had in consequence of the information thus furnished." It follows from what has been said that the plaintiff is not entitled to maintain this action for his own benefit, and the complaint in this case is defective in that it does not appear therefrom that the action is brought to recover the penalty for the use of the United States. Vandeventer v. Van Court, 2 N. J. Law, 168. The action was not commenced by the United States district attorney. The complaint was signed and filed by the private attorney for the plaintiff; but the defendant has not moved to dismiss upon that ground, and since the argument upon demurrer the district attorney has entered his ap-

pearance as of counsel for the plaintiff, and joined in the brief in support of the complaint. Under these circumstances the action will not be dismissed, and the plaintiff will be permitted to amend his complaint, and the case may proceed as if it had been originally commenced by the district attorney.