Marvin B. DURNING and his wife, Jean C. Durning, as well for the United States of America, as for themselves, Plaintiffs,

v.

ITT RAYONIER INCORPORATED, a Delaware corporation, and John Doe One through John Doe Twenty, Defendants.

Civ. A. No. 9070.

United States District Court, W. D. Washington, N. D.

Oct. 6, 1970.

George N. Prince and Marvin B. Durning, Cary, Durning, Prince & Smith, Seattle, Wash., for plaintiffs.

De Forest Perkins, Perkins, Coie, Stone, Olsen, & Williams, Seattle, Wash., for defendants.

## ORDER

WILLIAM N. GOODWIN, District Judge.

Section 16 of the Rivers and Harbors Act, 33 U.S.C. § 411, provides:

"§ 411. Penalty for wrongful deposit of refuse; use of or injury to harbor improvements, and obstruction of navigable waters generally

"Every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize, or instigate a violation of the provisions of sections 407, 408, and 409 of this title shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, *one-half of said fine to be paid to the person or persons giving information which shall lead to conviction.*" (Emphasis supplied)

The defendant moves for an order dismissing plaintiff's complaint, contending that plaintiff has no standing to sue.

In opposition to defendant's motion, plaintiff contends that the last clause of the Rivers and Harbors Act, 33 U.S.C. § 411, grants him the right to bring his action.

He premises his contention on his claim that this congressional enactment implies that a civil action by an informant is permissible if the informant seeks to recover his "bounty".

This Court concludes that Congress in enacting this criminal statute intended to reward an informant for information leading to the conviction of the wrongdoer and not to provide a means by which an informant may proceed to recover against the violator of the criminal statute the amount he might otherwise receive from a fine which "might" be imposed after conviction of the defendant in a criminal proceeding.

If plaintiff's contention is correct, the Court would be in the awkward position of determining priority between a criminal prosecution by the United States through the United States Attorney and a civil suit under the same section by an informant. It would be unreasonable to conclude that a Court would entertain both actions simultaneously or consecutively.

The Court concludes that the motion to dismiss should be granted.

It is so ordered.