BASS ANGLER SPORTSMAN SOCIETY,
Plaintiff,

v.

UNITED STATES STEEL CORPORA-
TION et al., Defendants.

Civ. A. No. 70-733, N. D. Ala., S. D.

BASS ANGLER SPORTSMAN SOCIETY,
Plaintiff,

v.

AVONDALE MILLS et al., Defendants.

Civ. A. No. 3124-N, M. D. Ala., N. D.

BASS ANGLER SPORTSMAN SOCIETY,
Plaintiff,

v.

STAUFFER CHEMICAL COMPANY
et al., Defendants.

Civ. A. No. 6290-70-T, S. D. Ala.

United States District Court.

Feb. 8, 1971.

 

Joseph J. Levin, Jr., of Levin & Dees, Montgomery, Ala., for Bass Angler Sportsman Society.

Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., and Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for U. S. Steel Corp.

Volz, Capouano, Wampold & Prestwood, Montgomery, Ala., for Birmingham Hide and Tallow Co.

McQueen, Ray & Allison, Tuscaloosa, Ala., for Gulf States Paper Corp.

Bradley, Arant, Rose & White, Birmingham, Ala., and Almon & McAlister, Sheffield, Ala., for Diamond Shamrock Corp.

Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., for Woodward Corp.

Covington & Burling, Washington, D. C., and Norman M. Heisman, Philadelphia, Pa., for Scott Paper Co.

Gaillard, Wilkins, Smith & Cox, Mobile Ala., for amicus curiae.

John P. Hills, Atty., Dept. of Justice, Land and Natural Resources Div., Pollution Control Section, Ira De Ment, U. S. Atty. and F. E. Leonard, Jr., Asst. U. S. Atty., for Secretary of the Army and the Chief of the United States Corps of Engineers.

Before JOHNSON, THOMAS and LYNNE, District Judges.

PER CURIAM.

This action was originally brought in the United States District Court for the Middle District of Alabama by the Bass Anglers Sportsman Society of America, Inc.,[1] an Alabama corporation, against over one hundred and seventy-five corporate defendants of all types located throughout Alabama, the Secretary of the Army, the Director of the Corps of Engineers, the State Water Improvement Commission of Alabama and its chairman.

The action is denominated by plaintiff as a "civil" and "qui tam" action but seeks the imposition of fines against the corporate defendants for alleged violations of 33 U.S.C. § 407 and against the governmental defendants for aiding and abetting such violations. The action also seeks various injunctive relief as to all defendants—that the corporate defendants be enjoined from violating section 407, that the State Water Improvement Commission and its chairman be enjoined from issuing permits to any person violating section 407 and from in any way aiding or abetting others in such violations, and that the Secretary of the Army and the Director of the Corps of Engineers be required to establish and apply standards for the issuance of permits provided by section 407.

After commencing this action plaintiff, by amendment, dismissed all of the corporate defendants except for fourteen. Plaintiff, thereafter apparently concerned about venue, filed a motion to transfer the action to the Northern District of Alabama as to some corporate defendants, as to some to the Southern District and requested the retention in the Middle District of those remaining. The motion to transfer was granted.

The defendants filed various motions to dismiss and for summary judgment.

Although all motions and the numerous grounds raised therein were not identical, certain common issues were raised and the cases pending in the three districts were set for a consolidated hearing on these common issues. After consideration of the oral arguments and extensive briefs, each court has concluded that the motions to dismiss are due to be granted. Because of a fundamental and overriding defect—the absence of any right in this plaintiff to maintain this type of action—as discussed below, the court considers it unnecessary to reach the various other grounds raised in the motions to dismiss and expresses no opinion in regard to them.

Plaintiff's action and all relief sought is grounded upon defendants' alleged violations of certain provisions of the Rivers and Harbors Act of 1899 (33 U.S.C. § 401 et seq.). Specifically it is charged that defendants have violated section 407 which declares, *inter alia*:

> [I]t shall not be lawful to throw, discharge or deposit * * * any refuse matter * * * into any navigable water of the United States, or into any tributary of any navigable water from which the same shall float or be washed into such navigable water; * * *.

Plaintiff seeks to recover the fines imposable under section 411 which provides:

> Every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize, or instigate a violation of the provisions of sections 407, 408 and 409 of this title shall be *guilty of a misdemeanor*, and *on conviction thereof* shall be punished by a *fine* not exceeding $2,500 nor less than $500, *or by imprisonment* (in the case of a natural person) *for* not less than thirty days nor more than one year, or by both such *fine* and *imprisonment*, in the discretion of the court, one-half of said fine to be paid to the person or persons giving infor-

---

1. Bass is a national association with headquarters in Montgomery, Alabama, one of whose purposes is the furtherance of conservation interests and programs connected with the use of waterways throughout the United States.

mation which shall lead to conviction. (emphasis added).

Beyond doubt, section 407 established a crime and section 411 establishes criminal sanctions to be imposed for its violation.

■ Plaintiff relies solely upon the last phrase of section 411 allowing a person furnishing information leading to conviction to share in any fine imposed as a basis for implying some private right of enforcement. Such an implication runs counter to the clear import of the statute which establishes a reward but not a, right of private enforcement. Such an implication would also run contrary to fundamental principles of criminal law.

■ First, criminal statutes cannot be enforced by civil actions. United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir. 1912). Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures. See Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), and Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061 (1922).

■ ■ Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. See Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964), and Pugach v. Klein, 193 F. Supp. 630 (S.D.N.Y.1961). It has been repeatedly held that the Executive Branch through the Justice Department and U. S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute. In the exercise of such discretion U. S. Attorneys

are immune from control or interference through mandamus or otherwise by private citizens or by courts. Smith v. United States, 375 F.2d 243 (5th Cir. 1967); United States v. Cox, 342 F.2d 167 (5th Cir. 1965).

■ Plaintiff's denomination of this suit as a "qui tam" action adds nothing to its right to enforce a criminal statute such as § 407. Historically a qui tam action is one brought by an informer under a statute which establishes a penalty or forfeiture for the commission or omission of some act, and which additionally provides for the recovery of the same in a civil action with part of the recovery to go to the person bringing the action. None of the many cases cited in briefs approved a qui tam action to collect a criminal fine. All involved civil penalties or forfeitures. All of the qui tam cases also recognize the statutory origin of the right of action. It arises not from a statutory right to share in the penalty but from the express or implied statutory grant of authority to maintain the action. Confiscation Cases, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1868). A corollary to this principle is that even where some statutory language seems to grant a private right of action, if the same or a related statute also clearly places enforcement in the hands of governmental authorities the right of action is exclusively vested in such governmental authority.[2] Williams v. Wells Fargo & Express Co., 177 F. 352 (8th Cir. 1910); Rosenberg v. Union Iron Works, 109 F. 844 (N.D.Calif.1901).

■ The court concludes that no authority exists for plaintiff to maintain this action to recover fines provided by sections 407 and 411.[3] These sections create a criminal liability. No civil action lies to enforce it; criminal statutes can only be enforced by the government.

2. 33 U.S.C. § 413 provides that "The Department of Justice shall conduct the legal proceedings necessary to enforce the provisions of sections * * * 407 * * * 411 * * * of this title * * *."

3. In Durning v. ITT Rayonier, Inc., CA No. 9070 (W.D.Wash. Oct. 5, 1970), the only similar action of which this court is aware, a motion to dismiss plaintiff's complaint was granted on the ground that there was no right of private action under 411 for a violation of 407.

A qui tam action lies only when expressly or impliedly authorized by statute to enforce a penalty by civil action, not a criminal fine. The express mandate of section 413 in placing enforcement of sections 407 and 411 in the Department of Justice prevents any interpretation creating a private right of action to recover the specified fines.

■■■ It is equally clear that under the facts of this case plaintiff is entitled to no injunctive relief. The only ground alleged in support of plaintiff's prayer for such relief is that the defendants are guilty of violating a criminal statute. It is generally held that an injunction is not a proper remedy for the enforcement of criminal laws. In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092, 1094 (1895); United States v. Jalas, 409 F.2d 358 (7th Cir. 1969); Nasif v. United States, 165 F.2d 119 (5th Cir. 1948). Because injunctions are extraordinary remedies they should be granted sparingly, and under strict rules. Reliable Transfer Co. v. Blanchard, 145 F.2d 551 (5th Cir. 1944).

■■■ An effort to restrain activities of the defendants alleged to be in violation of section 407 is no less an enforcement of that section than the imposition of criminal sanctions. The language of section 413 is unrestrictive in committing all enforcement powers exclusively to the Department of Justice and bars the injunctive aspect of this action as effectively as it bars the aspect in which fines are sought to be imposed. The reasons for placing exclusive enforcement of criminal statutes in the proper governmental officials are even more applicable to enforcement of such statutes by injunction. Even assuming that, under extraordinary circumstances not here shown, the Justice Department could enforce section 407 by injunction, this plaintiff shows no interest in its enforcement different from that of the public in general and, thus, has no right to such relief.

The reasons hereinabove discussed requiring dismissal of this action as to the corporate defendants are equally applicable to the relief sought against the governmental defendants. Moreover, the relief requested by the plaintiff against the Secretary of the Army and Chief of the Corps of Engineers, described as group B defendants, was that a permanent injunction issue requiring them to establish and apply standards for the issuing of permits allowing the dumping of refuse into the navigable waters and tributaries thereof within the State of Alabama. Such request must be construed as being for a writ of mandamus under 28 U.S.C. § 1361 because the relief sought would compel an officer of the United States to perform an affirmative action.

■■■ Such writ will issue only if the act to be compelled is ministerial and so plainly prescribed as to be free from doubt. United States v. Walker, 409 F. 2d 477 (9th Cir. 1969), and cases cited therein.

■■■ Examination of 33 U.S.C. §§ 407 and 419 reveals that the establishing of a permit program by the Secretary of the Army and the Chief of the Corps of Engineers is discretionary with them as opposed to mandatory. Section 407 states:

> That the Secretary of the Army, whenever in the judgment of the Chief of Engineers anchorage and navigation will not be injured thereby, may permit the deposit of any material above mentioned in navigable waters * *.

Section 419 authorizes and empowers the Secretary of the Army to prescribe regulations under the Act but does not require him to do so. Accordingly, a writ of mandamus will not issue. Since 28 U.S.C. § 1361 does not authorize this action, it exists as a suit against the sovereign to which the sovereign has not consented, Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U.S. 643, 82 S. Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), and accordingly

the motion to dismiss must be sustained on all three grounds thereof.

For precisely the same reasons such action is due to be dismissed as to the State of Alabama Water Improvement Commission and R. L. Meyers, its chairman. To the citations of cases in the preceding paragraph are added Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889); Simons v. Vinson, 394 F.2d 732 (5th Cir. 1968); Gardner v. Harris, 391 F.2d 885 (5th Cir. 1968).

An order will be entered dismissing the action and taxing costs against the plaintiff.