**Henry S. REUSS, as well for the United States of America as for himself, Plaintiff,**

**v.**

**MOSS–AMERICAN, INC., a corporation, Defendant.**

**Henry S. REUSS, as well for the United States of America as for himself, Plaintiff,**

**v.**

**PETER COOPER CORPORATION, a corporation, Defendant.**

**Nos. 70–C–485, 70–C–486.**

United States District Court,
E. D. Wisconsin.

Feb. 23, 1971.

Irvin B. Charne, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke by Charles S. Quarles, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

These actions were filed against two alleged violators of the Rivers and Harbors Act of 1899, 33 U.S.C. § 407, by an individual acting as a private citizen. The defendant in each case has moved to dismiss the complaint. The plaintiff bases his right of civil action on that part of 33 U.S.C. § 411 which provides for the payment of a part of the fine assessed a person successfully prosecuted under § 407 to be paid "to the person or persons giving information which shall lead to conviction."

The plaintiff claims that he should be able to maintain qui tam actions against the defendants under §§ 407 and 411; such civil suits are predicated on the theory that the informer may proceed with a civil action where the government fails to prosecute a criminal action.

The strongest authority for the plaintiff's maintenance of this action is a dictum found in a footnote by Justice Black in United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), which states:

"Statutes providing for a reward to informers which do not specifically either authorize or forbid the informer to institute the action are construed to authorize him to sue."

A recent decision by a federal district court points up the difficulty in accepting Justice Black's dictum at face value; in Bass Anglers Sportsman's Society of America et al. v. U. S. Plywood-Champion Papers, Inc., et al., 324 F. Supp. 302 (S.D.Tex., decided February 10, 1971), the court said:

"Justice Black's dictum would appear to state the law too broadly. The qui tam action depends entirely upon statutory authorization, as it has never found its way into the common law. The action arises only upon a statutory grant. The fact that someone is entitled by statute to share in some penalty or forfeiture does not necessarily also give such person the right to bring an original action to recover such penalty or forfeiture. There must be statutory authority, either express or implied, for the informer to bring the qui tam action. When the statute is silent as to whether the qui tam action is authorized, and nothing can be gleaned concerning congressional intent from the circumstances surrounding the passage of the statute then perhaps Justice Black's construction in favor of the qui tam action may be justified in many instances. But Black's construction obviously is inappropriate whenever the statute's language, by necessary implication, precludes such a conclusion."

The court then analyzed the same statutes upon which the plaintiff in the case at bar relies and concluded that:

"* * * Nothing in these statutes intimates that a civil enforcement procedure is authorized. Under these circumstances, these sections cannot be enforced by a civil action. United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878).

"Section 413, Title 33, U.S.C., provides that the Department of Justice 'shall conduct the legal proceedings necessary to enforce the provisions of section * * * 407'. No room remains for implying that any others may sue to enforce these statutes. In

the exercise of its responsibility for the prosecution of federal crimes, neither private citizens, the legislature nor the judiciary may interfere. *E. g.,* United States v. Cox, 342 F.2d 167 (5th Cir. 1965); Smith v. United States, 375 F.2d 243 (5th Cir. 1967). Thus, plaintiffs may not take it upon themselves to obtain convictions under §§ 407 and 411."

A similar conclusion was arrived at by a three-judge panel in Alabama. In Bass Angler Sportsman Society v. United States Steel Corporation et al., 324 F.Supp. 412 (N.D.Ala., decided February 8, 1971), the court noted:

" * * * All of the qui tam cases also recognize the statutory origin of the right of action. It arises not from a statutory right to share in the penalty but from the express or implied statutory grant of authority to maintain the action. Confiscation Cases, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1868). A corollary to this principle is that even where some statutory language seems to grant a private right of action, if the same or a related statute also clearly places enforcement in the hands of governmental authorities the right of action is exclusively vested in such governmental authority. Williams v. Wells Fargo Co., 177 F. 352 (8th Cir. 1910); Rosenberg v. Union Iron Works, 109 F. 844 (N.D. Cal.1901)."

A study of the statutes under which the instant actions were brought persuades me that they may be enforced by government prosecution only. Section 407 defines the acts which shall be unlawful and is titled "Deposit of refuse in navigable waters generally." Section 411 provides the penalties for violation of § 407 and reads as follows:

"Every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize, or instigate a violation of the provisions of sections 407, 408, and 409 of this title shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500

nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

Nevertheless, since § 413 expressly provides the method for prosecution, I believe that there is no implication in these statutes of a right to maintain a qui tam action. Accord, Durning v. ITT Rayonier, Inc., 325 F.Supp. 446 (W.D. Wash., decided October 5, 1970). I find that § 407 establishes a crime; § 411 provides the sanctions to be applied for violations; § 413 directs prosecution to be conducted by the Department of Justice. Thus, a private qui tam action in each of the two cases at bar cannot stand.

Now, therefore, it is ordered that the defendant's motion to dismiss in each case be and hereby is granted.

It is further ordered that the complaint in each case be and hereby is dismissed.