**Gustav G. GERBING, as well for the United States of America as for himself, Plaintiff,**

v.

**I. T. T. RAYONIER INCORPORATED, a foreign corporation, Defendant.**

**Civ. No. 71–161.**

United States District Court, M. D. Florida, Jacksonville Division.

July 21, 1971.

S. Gordon Blalock, Blalock, Holbrook, Lewis, Paul & Bennett, PA, Jacksonville, Fla., for plaintiff.

William H. Adams, III, Thomas M. Baumer, Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., for defendant.

OPINION AND FINAL JUDGMENT

CHARLES R. SCOTT, District Judge.

Plaintiff, a resident and citizen of Nassau County, Florida, seeks assess-

ment of fines against defendant, a sulfite manufacturer, who allegedly discharges refuse into the Amelia River in that county. Plaintiff bases his claim for relief upon 33 U.S.C. §§ 407 and 411, and purports to sue both for himself and on behalf of the United States of America through a *qui tam* action.

§ 407 clearly establishes that certain pollution of navigable waters shall "not be lawful", while § 411 provides, in part, that anyone who shall "instigate a violation" of § 407 shall

> " * * * be *guilty of a misdemeanor*, and on conviction thereof shall be *punished* by a *fine* not exceeding $2,-500 nor less than $500, or by imprisonment * * * for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction". [emphasis added]

■■■ Plaintiff seeks to invoke the sanctions of § 411 through a *qui tam* proceeding, *i. e.*, an action brought on behalf of the government by an informer seeking civil penalties for violation of a statute. The sanctions for violation of § 407, however, as provided in § 411 (above), are clearly *criminal*. They appear, therefore, to be beyond the scope of *qui tam* proceedings—and, indeed, plaintiff has been unable to show this Court any case wherein such actions have been allowed to invoke criminal penalties. On the contrary, case law indicates that criminal statutes can neither be enforced by civil action, United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir. 1912), nor by private parties. Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964). The conclusion that plaintiff is without authority to proceed under these statutes is further compelled by the express mandate of 33 U.S.C. § 413 placing enforcement of §§ 407 and 411 in the hands of the Department of Justice.

■■■ Plaintiff suggests that the futility of past appeals to the government for the here-sought enforcement of these sections lends a unique factor to this case—and, indeed, overcomes the apparent weakness in its foundation. It has been repeatedly ruled, however, that the executive branch of the federal government has broad discretion in determining whether or not to prosecute possible statutory violations. In the exercise of such discretion United States Attorneys are immune from interference by private citizens or by courts. Smith v. United States, 375 F.2d 243 (5th Cir. 1967); United States v. Cox, 342 F.2d 167 (5th Cir. 1965).

In Bass Anglers Sportsman's Society v. U. S. Plywood, 324 F.Supp. 302 (S.D. Tex.1971), the court noted that the language of § 411 by necessary implication rules out any *qui tam* proceedings, in that the rights of any informer depend upon (1) institution of a criminal prosecution under § 411, (2) a conviction being obtained, and (3) a decision by the convicting court to impose a fine. The court concluded that

> "(t)he informer's rights * * * are entirely dependent upon and inseparable from the criminal proceeding brought by the Department of Justice, the party authorized to institute such suit. Clearly, then, the *qui tam* civil action is not authorized". (at 306)

See also Bass Angler Sportsman Society v. U. S. Steel, 324 F.Supp. 412 (D.C. Ala., 1971); Reuss v. Moss-American, 323 F.Supp. 848 (E.D.Wis., 1971); Durning v. I. T. T. Rayonier, 325 F.Supp. 446 (W.D.Wash., 1970); United States v. Florida-Vanderbilt, 326 F.Supp. 289 (S.D.Fla., 1971).

Insofar as no authority exists for a private party to institute civil proceedings on behalf of the government under §§ 407 and 411, it follows that plaintiff has failed to state a claim upon which relief can be granted, and his suit must be dismissed, with prejudice, and at the cost of the plaintiff.