**E. B. MITCHELL, for himself and for the United States of America, Plaintiff,**

v.

**TENNECO CHEMICALS, INC., a Corporation, and John Doe 1 through John Doe 20, Defendants.**

**Civ. A. No. 71–242.**

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 9, 1971.

William M. Bowen, Beaufort, S. C., for plaintiff.

W. Brantley Harvey, Jr., A. Parker Barnes, Beaufort, S. C., for defendants.

ORDER

BLATT, District Judge.

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Complaint based on the grounds that Plaintiff, E. B. Mitchell, an individual, has no standing to bring a civil action for enforcement of alleged violations of the Rivers and Harbors Act of 1899, that the complaint fails to state a cause of action upon which relief can be granted, and that the provisions of a criminal statute (33 U.S.C. § 407 et seq.) can not be enforced by a private citizen by means of a civil action, as such would violate the fundamental rights of due process guaranteed by the Constitution.

Plaintiff's Complaint designates his action as an action *qui tam,* filed on behalf of himself and for the use of The United States pursuant to 28 U.S.C. Sections 1331, 1355, 2461 and 33 U.S.C. § 407, et seq., seeking damages totaling not less than $720,000.00 nor more than $3,600,000.00 for alleged violations of 33 U.S.C. § 407, et seq.

The question presented by Plaintiff's Complaint is one of novel impression in this District, as no similar cases in this District or Circuit have been found nor cited to the Court; however, Defendant has cited eight recent opinions by District Courts in various Circuits, all of which have dismissed complaints based upon the same theory, pursuant to similar motions.[1]

Plaintiff designated his action as an action *qui tam* urging that such an action could be maintained pursuant to 33 U.S.C. §§ 407 and 411. Historically speaking, a *qui tam* action is one brought by an informer under a statute which establishes a penalty or forfeiture for the commission or omission of some act, and which additionally provides for the recovery of the same in a civil action with part of the recovery to go to the person bringing the action. Bass Angler Sportsman Society v. United States Steel Corp. et al. supra. In this regard, plaintiff "relies on Justice Black's dictum in United States ex rel. Marcus v. Hess, 317 U.S. 537, 541, 63 S.Ct. 379, 87 L.Ed. 443 at Footnote 4, wherein Justice Black stated 'statutes providing for a reward to informers which do not specifically either authorize or forbid the informer to institute the (*qui tam*) action are construed to authorize him to sue.'" Accordingly, plaintiff contends that the provisions of 407 et seq. neither specifically authorize nor forbid such a suit so that the suit is proper.

However, after having carefully considered the Briefs of the parties, together with having construed 33 U.S.C. § 407 et seq. and 28 U.S.C. § 2461, the Court concludes that plaintiff's action must be dismissed. 28 U.S.C. § 2461 provides that:

"Whenever a *civil* fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action." (emphasis added)

33 U.S.C. § 411 provides that:

"Every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize, or instigate a violation of the provisions of sections 407, 408, and 409 of this title shall be

1. Defendant cites the following to the Court: Bass Angler Sportsman Society v. United States Steel Corp. et al., 324 F.Supp. 412 (N.D.Ala.1971); Bass Angler Sportsman's Society of America et al., v. United States Plywood Champion, Inc. et al., 324 F.Supp. 302 (S.D.Tex.1971); Durning v. ITT Rayonier, 325 F.Supp. 446 (W.D.Wash.1970); Reuss et al., v. Moss-American, Inc., and Reuss et al., v. Peter Cooper Corporation, 323 F.Supp. 848 (E.D.Wis.1971); Matthews v. Florida Vanderbilt, (S.D.Fla., 2 E.R.C. 1485); Mattson v. Northwest Paper (D. of Minn. 5th Div., 2 E.R.C. 1906); Gerbing v. ITT Rayonier, 332 F.Supp. 309 (M.D.Fla. Jacksonville Div.) 2 E.R. C. 1801; and Connecticut Action Now, Inc., David B. Beizer and Rita L. Bowlby v. Roberts Plating Company, 330 F. Supp. 695, Opinion by Chief Justice William H. Timbers, (no citations yet available).

guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500.00 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

■ The language of 33 U.S.C. § 411 convinces the Court that the fine and penalties prescribed thereby are criminal in nature, necessarily excluding the application of 28 U.S.C. § 2461, which on its face is limited to civil fines.[2] Thus the Court concludes that the fines as prescribed by § 411 may not be recovered in a civil action pursuant to § 2461.

Furthermore, the language of 33 U.S.C. § 411 provides that the fine be paid to "the person or persons giving information which shall lead to conviction". Thus, the statute at hand prescribes the conditions precedent necessary for the informer's recovery, which have not been met in this case.

■ Additionally, 33 U.S.C. § 413 specifically provides a method of enforcement:

"The Department of Justice *shall* conduct the legal proceedings necessary *to enforce the provisions of sections* * * * 407, 411 * * * of this title; and it *shall* be the duty of United States attorneys to vigorously prosecute * * *." (emphasis added)

Hence, it is clear that the Department of Justice is solely vested with authority to prosecute alleged violations of 33 U.S.C. § 407. No room remains for implying that any others may sue to enforce these statutes. A mode of recovery or enforcement having been clearly provided, plaintiff's civil action does not come within the purview of 28 U.S.C. § 2461.

For the reasons stated above, the Court has concluded that no authority exists for plaintiff to maintain this action and he has failed to state a cause upon which relief can be granted and the action must be, and hereby is, dismissed.

And it is so ordered.

2. Also see the provisions of 33 U.S.C. § 411, which uses terms such as *violate, aid, abet, shall be guilty of a misdemean-* or, *on conviction thereof, shall be punished, fine, imprisonment.* Clearly § 407 is criminal in nature.