**J. Morgan ANDERSON, on behalf of the UNITED STATES of America, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY, Defendants.**

Civ. A. No. 72–C–96–R.

United States District Court, W. D. Virginia, Roanoke Division.

Aug. 28, 1972.

J. Morgan Anderson, pro se.

Thomas B. Mason, Norfolk & Western Ry. Co., Roanoke, Va., for defendants.

OPINION AND ORDER

DALTON, District Judge.

Plaintiff, a resident and citizen of Roanoke, Virginia, brings a *qui tam* action on behalf of himself and the United States against defendant, who allegedly on May 11 and 23, 1972, without a permit from the Army Corps of Engineers, wilfully discharged liquid and solid refuse into Lick Run, a tributary of Tinker Creek, which is in turn a tributary of Roanoke River, a navigable stream. Plaintiff invokes jurisdiction pursuant to 33 U.S.C. § 407. The Rivers and Harbors Act of 1899 provides that it shall be unlawful to discharge

"any refuse matter of any kind or description . . . into any navigable water of the United States, or into any tributary of any navigable water . . . ." 33 U.S.C. § 407. Section 407 prohibits any discharge without an appropriate permit from the Army Corps of Engineers.

Although plaintiff does not seek any specific damages, 33 U.S.C. § 411 sets forth the penalty for such wrongful discharge and provides, in part, that anyone who shall "instigate a violation" of § 407 shall

"* * * be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment * * * for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

 Plaintiff seeks to invoke the sanctions of § 411 through a *qui tam* proceeding, i. e., an action brought on behalf of the government by an informer seeking civil penalties for violation of a statute. The sanctions for violation of § 407, as provided in § 411, are criminal, however, not civil. They therefore appear beyond the scope of *qui tam* proceedings and this court has been unable to find any case wherein such actions have been allowed to invoke criminal penalties. On the contrary, case law indicates that criminal statutes can neither be enforced by civil action, United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir. 1912), nor by private parties. Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964). Further authority for the conclusion that plaintiff may not proceed under these statutes is the express mandate of 33 U.S.C. § 413 placing enforcement of §§ 407 and 411 in the hands of the Department of Justice.

 Plaintiff alleges that he appealed to the United States District Attorney for the Western District of Virginia and that no prosecution was instituted. However, it has been repeatedly ruled that the executive branch of the federal government has broad discretion in determining whether or not to prosecute possible statutory violations. In the exercise of such discretion United States Attorneys are immune from interference by private citizens or by courts. Smith v. United States, 375 F.2d 243 (5th Cir. 1967); United States v. Cox, 342 F.2d 167 (5th Cir. 1965); Gerbing v. I. T. T. Rayonier, Inc., 332 F.Supp. 309 (M.D. Fla.1971).

In Bass Anglers Sportsman's Society v. U. S. Plywood-Champion Papers, Inc., 324 F.Supp. 302 (S.D.Tex.1971), the court noted that the language of § 411 by necessary implication rules out any *qui tam* proceedings, in that the rights of any informer depend upon (1) institution of a criminal prosecution under § 411, (2) a conviction being obtained, and (3) a decision by the convicting court to impose a fine. The court concluded that

"(t)he informer's rights * * * are entirely dependent upon and inseparable from the criminal proceeding brought by the Department of Justice, the party authorized to institute such suit. Clearly then, the *qui tam* civil action is not authorized." (at 306)

See also United States ex. rel. Mattson v. Northwest Paper Co., 327 F.Supp. 87 (D.C.Minn.1971); Gerbing v. I. T. T. Rayonier, Inc., *supra*; Bass Angler Sportsman Society v. United States Steel, 324 F.Supp. 412 (D.C.Ala., 1971); Reuss v. Moss-American, 323 F.Supp. 848 (E.D.Wis., 1971); Durning v. I. T. T. Rayonier, 325 F.Supp. 446 (W.D. Wash., 1970); United States v. Florida-Vanderbilt Development Corp., 326 F. Supp. 289 (S.D.Fla.1971). These six Federal District Court cases all hold, *inter alia*, that a citizen informer may not sue *qui tam* under the Refuse Act.

Accordingly, since no authority exists for a private party to institute civil proceedings on behalf of the government under §§ 407 and 411, it follows that plaintiff has failed to state a claim upon which relief can be granted. Therefore, his complaint must be dismissed.