**AMERICAN SOCIETY OF TRAVEL AGENTS, INC., Plaintiff,**

**v.**

**James E. SMITH, Comptroller of the Currency, Defendant.**

**Civ. A. No. 75–0370.**

United States District Court, District of Columbia.

March 3, 1976.

Paul S. Quinn, Edward M. Fogarty, Washington, D. C., for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Harland F. Leathers, Eugene R. Sullivan, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

WILLIAM B. JONES, Chief Judge.

Plaintiff in this action seeks declaratory and injunctive relief in the nature of mandamus against the Comptroller of the Currency. The controversy revolves around an Interpretive Ruling issued by the Comptroller in 1963 pursuant to the National Bank Act, 12 U.S.C. § 21 et seq., which prior to its rescission provided:

> Incident to those powers vested in them under 21 U.S.C. 24, national banks may provide travel services for their customers and receive compensation therefor. Such services may include the sale of trip insurance and the rental of automobiles as agent for a local rental service. In connection therewith, national banks may advertise, develop, and extend such travel services for the purpose of attracting customers to the bank.

12 C.F.R. § 7.7475 (1975). Plaintiff in its complaint asks this Court to "issue forthwith a writ in the nature of mandamus, directing the Comptroller to repeal those rulings which purport to authorize the operation of travel agencies by national banks and to issue a regulation declaring said activity to be illegal." Complaint, Prayer ¶ 1. Defendant contends that the Court is without jurisdiction or power to grant the relief requested.

The basis for plaintiff's requested relief is the decision of the First Circuit Court of Appeals in *Arnold Tours, Inc. v. Camp*, 472 F.2d 427 (1st Cir. 1972), which affirmed a lower court declaratory judgment and injunction, declaring 12 CFR § 7.7475 invalid "to the extent that it is construed by the Comptroller as authorizing a national bank to operate a full-scale travel agency," and enjoining a

particular defendant bank "from engaging in the travel agency business." 472 F.2d at 428, 438. Plaintiff argues that this decision[1] imposed a "clear non-discriminatory duty" upon the Comptroller "to take some affirmative action to bring the activities of national banks into compliance with the National Bank Act as construed by the courts." Pl's Mem. at 17.

██ Despite plaintiff's protestations to the contrary, the first half of its requested relief has been granted. On November 28, 1975, pursuant to a prior order of this Court entered after a status hearing in this case, the defendant rescinded 12 CFR § 7.7475. He stated further:

> The Comptroller intends to issue a revised interpretive ruling on this subject. Pending the issuance of such ruling, national banks should consult with their own legal counsel as to the range of permissible travel services under applicable statutes.

Plaintiff feels that this is no more than "an invitation [to national banks] to continue their illegal activities until such undisclosed time in the future as the Comptroller may see fit to take action with respect to this matter." Pl's Mem. in Opp. to D's Renewed Motion to Dismiss at 6–7. The Court is unable to find such an "invitation" in the Comptroller's statement. The law has been clarified considerably by recent court decisions concerning the operation by national banks of travel agencies. The Comptroller, until he issues a new ruling, has simply referred the national banks to those decisions and to applicable statutes. In the absence of any statutory duty to issue rules or regulations concerning operation of travel agencies, such a course of action cannot be denominated an abuse of discretion. The Interpretive Ruling has been rescinded; it can no longer provide national banks a legal basis for the operation of travel agencies, and therefore at least half of

1. Plaintiff also relies on *American Society of Travel Agents, Inc. v. Bank of America*, 385 F.Supp. 1084 (N.D.Cal.1974), which essentially relies upon the First Circuit's decision in *Arnold Tours, Inc.*, in enjoining the Bank of America from commencing a "travel club."

plaintiff's requested relief has been afforded.

The Court is of the further opinion that a writ of mandamus cannot issue to compel the Comptroller to take "some affirmative action" directing national banks to cease operation of travel agencies. Plaintiff concedes that it cannot ask the Court to delineate the exact nature or content of a revised ruling by the Comptroller. It further concedes that such affirmative action legitimately could be in the nature of "enforcement action" against national banks, or even in the form of a letter "demanding that the banks disengage themselves from this illegal activity." It merely requests the Court to order the Comptroller to "do something to put national banks out of the travel agency business." Pl's Mem. at 19.

The increasingly vague nature of the relief sought only serves to underscore its impropriety. The parties have not directed the Court, nor has the Court been able to discover, a statutory directive to the Comptroller to issue regulations, or to institute enforcement action against a particular activity. Assuredly, the Comptroller is "charged with the execution of all laws passed by Congress relating to the issue and regulation of a national currency secured by United States bonds," (12 U.S.C. § 1), and this authority extends to supervision of national banks. See *Cooper v. O'Connor*, 69 U.S.App.D.C. 100, 99 F.2d 135 (1938). The Act does not delineate the manner in which such authority is to be discharged, however. For the Court in vague terms to order the Comptroller to discharge his duty under the Act, simply because plaintiff does not agree with the *manner* in which the Comptroller is now proceeding, would be an improper use of both the mandamus writ and the injunctive power.

Although plaintiff repeatedly has asserted that the action required of the Comptroller by the *Arnold Tours* litigation is clear and absolute, the opinion of the First Circuit does not support this view. After relating at considerable length the history of travel services and national banks, the Court concluded that certain services could be provided while others could not. See 472 F.2d at 433–35. The Court twice made clear that it was affirming the judgment of the district court that 12 CFR § 7.7475 was invalid *only* "to the extent that it is construed by the Comptroller as authorizing a national bank to operate a full-scale travel agency." 472 F.2d at 428, 438. Certain distinctions were made by the Court which tend to undercut plaintiff's argument that the Comptroller's future course of action is a clear one:

> There are, of course, instances in which banks have, as a convenience to their regular customers, and without additional compensation, obtained railroad, steamship or airline tickets for such customers, or provided information helpful to such customers in connection with their travels. But incidental good will service of this kind cannot reasonably be equated with the operation of a modern travel agency for profit. In short, there is a difference between supplying customers with financial and informational services helpful to their travel plans and developing a clientele which looks to the bank not as a source of general financial advice and support but as a travel management center.

472 F.2d at 433. And in referring to the scope of the lower court's declaratory judgment, the First Circuit stated:

> These determinations in no way limit banks in rendering banking services for travelers, such as the sale of travelers' checks and foreign currency, the making of travel loans, issuance of letters of credit, and providing gratis travel information.

472 F.2d at 438. While this Court need not, and does not purport to, analyze or interpret the holding of the First Circuit in *Arnold Tours, Inc.*, supra, the above quotations demonstrate that the extent of national banks' legitimate provision of travel services is less clearly delineated than plaintiff would have it. Even after *Arnold Tours, Inc.*, the Comptroller re-

tains a certain amount of discretion in supervising the travel service activities of the national banks.

■■ Where an agency's or officer's statutory authority invests him with discretion to determine the manner of discharge of his duty, courts will not compel him to act in a certain manner. See *Bass Angler Sportsman Society v. United States Steel Corp.*, 324 F.Supp. 412, 416 (D.Ala.1971) (three judge court), *aff'd*, 447 F.2d 1304 (5th Cir. 1971); *Public Affairs Associates, Inc. v. Rickover*, 268 F.Supp. 444, 448 (D.D.C.1947). As noted earlier, the National Bank Act imposes no specific duty on the Comptroller to proceed in any certain manner while discharging his duty to supervise national banks. In light of the action taken by him in November, this Court does not feel injunctive or mandamus relief is either appropriate or available to plaintiff. The proper time for plaintiff to challenge the Comptroller's action is upon promulgation of the new interpretive ruling.

In light of the foregoing, it is this 3rd day of March, 1976,

ORDERED that defendant's renewed motion to dismiss be and the same hereby is granted; and it is

Further ordered that plaintiff's complaint be and the same hereby is dismissed.