IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10772
Summary Calendar
_____

JOSEPH STEWART, III,

                                        Plaintiff-Appellant,

versus

THE STATE OF TEXAS; WARDEN TREON;
RICHARD WATHEN, Warden, Allred Unit;
NO FIRST NAME MOONEYHAM; NO FIRST NAME MUNOZ, DR.;
NO FIRST NAME DIDLO, DR.,

                                        Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-78-R

--------------------

October 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     IT IS ORDERED that Texas state prisoner # 602302 Joseph
Stewart's application for leave to appeal in forma pauperis (IFP)
is DENIED, because the appeal lacks arguable merit and is
therefore frivolous.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th
Cir. 1997).  Because the appeal is frivolous, IT IS FURTHER
ORDERED that the appeal is DISMISSED.  See 5th Cir. R. 42.2.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

There is no arguable merit to Stewart's contention that he had the right to file a federal criminal complaint against the State of Texas and some of its prison officials.  See, e.g., Bass v. Angler Sportsman Society v. United States Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala.), aff'd, 447 F.2d 1304 (5th Cir. 1971); Smith v. United States, 375 F.2d 243, 246-48 (5th Cir. 1967).

The district court did not err by treating Stewart's pleading as a 42 U.S.C. § 1983 civil rights complaint as frivolous and by not sua sponte granting him leave to amend it. See 28 U.S.C. § 1915A(b)(1); Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The dismissal of Stewart's complaint as frivolous and the dismissal of this appeal as frivolous each counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We note that Stewart has at least one other strike against him.  See Stewart v. Scott, No. G-95-15 (S.D. Tex. Oct. 31, 1996).  By accumulating three strikes, Stewart is BARRED from proceeding in forma pauperis in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Stewart's motions for appointment of counsel and oral argument are DENIED.

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.